16 F.3d 409
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 DICK CORPORATION, Plaintiff-Appellant,
v.
MAYOR AND CITY COUNCIL OF BALTIMORE, Maryland, Defendant-Appellee.
Dick Corporation, Plaintiff-Appellee,
v.
Mayor and City Council of Baltimore, Maryland, Defendant-Appellant.
 Nos. 93-1194, 93-1220.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 7, 1993.
Decided Jan. 10, 1994.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (CA-91-3058-N)
 John Howard Tracy, Thompson & Waldron, Alexandria, for appellant.
 Burton Harry Levin, Asst. Sol. Baltimore, for appellee.
 D.Md.
 DISMISSED.
 Before WIDENER, PHILLIPS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 After completion of construction work for the City of Baltimore, Dick Corporation utilized the contractual dispute resolution process contained in its contract with the city to seek additional compensation. The contractually agreed-upon referees denied the claim, and thereafter Dick filed a diversity action in district court seeking money damages. After limited discovery, Dick filed a motion to nullify the decision of the contract referees on grounds that included the referees' consideration of extra-record evidence in making their determination. The district court granted Dick's motion to nullify based on due process grounds and remanded for further proceedings before the contract referees.
 
 
 2
 Dick appeals that order, challenging the district court's failure to address its claim that the dispute resolution clause contained in the contract with the City violates Maryland law, and the court's rejection of Dick's request for a trial de novo in district court. The City of Baltimore cross-appeals the grant of the motion to nullify.
 
 
 3
 The City also filed a motion to dismiss Dick's appeal asserting that the order of the district court remanding the dispute to the contract referees is neither a final decision nor an appealable collateral order.
 
 
 4
 We deferred consideration of this motion pending elaboration by the parties on their positions at oral argument. We now conclude that the district court did not enter a final order in this case and the issues raised on appeal do not satisfy the requirements of the collateral order doctrine. Accordingly, we grant the City's motion to dismiss Dick's appeal and also dismiss the cross-appeal.[1]
 
 I.
 
 5
 In February 1986, Dick Corporation and the City of Baltimore entered into a contract to rehabilitate the 41st Street Bridge. Dick alleges that it encountered certain delays and cost increases during the performance of the contract which required it to accelerate its performance and undertake extra work. As provided in the dispute clause of the contract, Dick submitted a claim for $915,768.25 to Thomas Krach, the head of the construction bureau of the Interstate Division of Baltimore City (IDBC) in December 1987. Krach denied Dick's claim and assessed liquidated damages and disincentive fees against Dick. Dick then requested a hearing which, pursuant to the dispute clause, was held before joint referees: the chief of the IDBC, Harry McCullough, and the director of transportation for the City of Baltimore, Herman Williams. A hearing was held on December 1 and 2, 1988, during which the parties presented evidence that included fifty marked exhibits.
 
 
 6
 On August 15, 1991, the joint referees denied almost all of Dick's claim and upheld a major portion of the liquidated damages and disincentive fees. Dick then filed a complaint in district court alleging, among other claims, that the contract dispute procedure violated Maryland law, and that the dispute procedure as implemented breached the contract between Dick and the City and violated Dick's due process rights. The gravamen of Dick's challenge to the referees' decision was that McCullough reviewed approximately 2,000 pages of information outside the record of the hearing in making the decision. These pages included monthly estimates and cost reports, daily logs of the project, and information from computer printouts. Dick also challenged the timeliness of the joint referees' decision and the lack of participation by Herman Williams in the decision written by McCullough.
 
 
 7
 After limited discovery, Dick filed a motion to nullify the decision of the joint referees. The district court granted Dick's motion to nullify on due process grounds but denied its request for a trial de novo in district court. Instead, the district court remanded the case to the joint referees for full development of the record and administratively closed the action subject to reopening by either party upon demonstration that further review was necessary.
 
 II.
 
 8
 Federal appellate jurisdiction only attaches to final decisions of the district court. 28 U.S.C. Sec. 1291 (1988). A final decision is one that decides all the issues between all the parties, ends the litigation, and leaves nothing remaining for the court to do but execute the judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978); W.M. Schlosser Co. v. Fairfax County Redevelopment and Housing Auth., 975 F.2d 1075, 1077 (4th Cir.1992). In Schlosser, we held that a district court order remanding a construction dispute to the County Executive to ascertain damages was not a final order and dismissed the appeal. Id. Dick concedes that the district court's order administratively closing the case and remanding the action back to the joint referees is not a final order within the meaning ofSec. 1291. Nevertheless, Dick contends that the issues on which it seeks review fit within the narrow exception to the finality rule described by the Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949).
 
 
 9
 Cohen described a "small class" of decisions "which finally determine claims of right separable from, and collateral to, rights asserted in the action" and which are excepted from the final judgment rule. Id. In order to fit within this small class, Dick must show that the issues it raises: (1) have been conclusively determined by the district court; (2) resolve important questions completely separate from the merits of the action; (3) are either effectively unreviewable on appeal from a final judgment or so important that review should not wait upon final judgment; and (4) present serious and unsettled questions on appeal. Coopers & Lybrand, 437 U.S. at 468; Foremost Guar. Corp. v. Community Sav. & Loan Inc., 826 F.2d 1383, 1386 (4th Cir.1987). We review the two issues Dick raises on appeal to determine whether the strict requirements of this test are met.
 
 A.
 
 10
 The first argument Dick raises is that the district court's order erroneously failed to address whether the dispute resolution clause of the contract violates Maryland law. Md. Ann.Code Art. 23A Sec. 1A(g) (1990). According to Dick, Article 23A, Sec. 1A(g) requires that an officer or official of the municipal corporation serve as a referee.[2] Dick argues that the dispute clause violates Article 23A, Sec. 1A(g) because the IDBC is a state agency and the contract provides that one of the joint referees will be the director of the IDBC.
 
 
 11
 The district court referred to this argument as rather unpersuasive and noted that resolution of the claim would require interpretation of the requirements of Sec. 1A(g) and a determination of whether the IDBC Chief was a state or municipal employee. (J.A. at 1829-30.) The district court also expressed its reluctance "to make such determinations when said rulings may [be] unnecessary, and would, at this time, be without the benefit of an evidentiary hearing." (J.A. at 1830.) Ultimately, the district court concluded "that it need not decide these issue[s] at this time." Id.
 
 
 12
 The issue of whether the contract violates Maryland law does not satisfy the collateral order exception because it does not meet the first requirement, that it be conclusively determined by the district court. Here, the district court did not find it necessary to reach a conclusion on this issue and stated that any determination would require an evidentiary hearing. Although Dick asserts that the district court implicitly resolved this question because it remanded the dispute back to the same process Dick was challenging, we do not agree.
 
 
 13
 The district court clearly stated in its memorandum its reasons for remanding the case. The district court wanted the joint referees to reconsider their initial decision in light of the expanded record, and to allow Dick to respond to all evidence on the record and receive the full consideration of its claims to which it was entitled under the contract. The district court also stated that with remand, "a complete record will be compiled for this Court's consideration (should such review be necessary)." (J.A. at 1828.) Clearly, the district court contemplated that Dick might again challenge the legality of the contractual dispute process and nothing in its order forecloses Dick from doing so. In these circumstances, the collateral order requirements are not satisfied.
 
 B.
 
 14
 The second issue Dick raises on appeal is an assertion that the dispute resolution process employed by the City amounted to a breach of contract, that these breaches cannot be cured on remand, and that, therefore, the district court should have granted Dick's request for a trial de novo in district court. This issue was conclusively determined by the district court and is collateral to the merits of the action. Dick has failed to show, however, that it will lose any meaningful opportunity to attain review of this issue on appeal from a final judgment or that it is so important that immediate review should not wait. The essence of Dick's argument is that once remand takes place and the contract breaches and due process violations are remedied, then it will no longer be able to appeal these violations.[3] To allow such an argument to form the basis for an exception to the finality requirement would turn the collateral order doctrine on its head.
 
 
 15
 Of course it is true that if the actions of the joint referees do not deprive Dick of due process or breach the contract on remand, Dick will not be able to challenge their actions on these grounds. What this argument illuminates, as the district court recognized, is that although Dick entered into a contract which provided for "in-house" review of disputes by City officials, now Dick wants anything but this type of review. Though Dick strenuously contested the fairness of the process, the district court believed that de novo review at the present stage would "vitiate the intent of both the Contract disputes clause, as well as Article 23A." (J.A. at 1834.) Nothing in the district court's memorandum and order prevents Dick from obtaining de novo review after remand if otherwise authorized, or arguing that prior misconduct continued to infect the dispute resolution process, or that the joint referees were biased.[4] Dick's claim is not unreviewable on appeal from the final judgment, and therefore, the collateral order test is not satisfied.
 
 III.
 
 16
 For the foregoing reasons, the City's motion to dismiss Dick's appeal is granted and the City's cross-appeal is dismissed.
 
 
 
 [1]
 The City concedes that if its motion to dismiss is granted, then its cross-appeal should also be dismissed for lack of jurisdiction
 
 
 [2]
 The text of Article 23A Sec. 1A(g) is as follows:
 (g) [Resolution of dispute in construction contract]--Determination by municipal officer subject to court review.--Notwithstanding the provisions of subsections (e) and (f) of this section, a municipal corporation may provide or require, with regard to a construction contract to which it is a party, that a dispute between the parties involving $10,000 or more regarding the terms of the contract or performance under the contract, be subject to a determination of questions of fact by an officer or official body of a municipal corporation provided that the decision of the officer or official body of a municipal corporation is subject to review on the record by a court of competent jurisdiction.
 
 
 [3]
 We trust that the consideration of extra-record evidence and lack of participation by the city official will be remedied on remand. While the time taken to render a decision clearly exceeded the contractual provision, we find this claim to be without merit where Dick did not object to the excessive time until after an adverse decision was rendered
 
 
 [4]
 We note, however, that even at this stage Dick has utterly failed to put forward any specific evidence in support of its assertion of possible bias or that the joint referees' decision was unsupported by record or extra-record evidence